UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GABRIELLE MOORE | CIVIL ACTION NO. 21-cv-3926 |
| VERSUS | CHIEF JUDGE HICKS |
| FARBERWARE LICENSING CO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Gabrielle Moore ("Plaintiff") filed this civil action in federal court against Farberware Licensing Company, LLC based on an assertion on diversity jurisdiction, which places the burden on Plaintiff to set forth specific facts that demonstrate the requisite amount in controversy and complete diversity of citizenship. More information regarding the citizenship of Farberware is needed for Plaintiff to satisfy her burden.

The complaint describes Farberware as a Massachusetts limited liability company. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386,

397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Plaintiff alleges that Farberware's "sole shareholder" at the time of the accident was Meyer Corporation. If the intention was to allege that Meyer is the sole member of the LLC, then that should be specified. Plaintiff would then have to allege with specificity the citizenship of Meyer Corporation. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). Plaintiff alleges that Meyer was organized (presumably incorporated) under California law, but she does not allege the corporation's principal place of business, which is determined based on the standard set forth in Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).

Plaintiff may file an amended complaint and set forth the necessary citizenship information. She may also ask Farberware to set forth the information, which Plaintiff may not possess, in its answer. In any event, the required information must be set forth in the record with specificity before jurisdiction can be ensured and a scheduling conference set.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of November, 2021.

Mark L. Hornsby
U.S. Magistrate Judge